# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:16CV443 |
| ) | 1:13CR001 |
| PLAINTIFF, ) | |
| ) | JUDGE SARA LIOI |
| vs. ) | |
| ) | MEMORANDUM OPINION |
| ZACHARY S. CALHOUN, ) | |
| ) | |
| DEFENDANT. ) | |

On February 25, 2016, defendant Zachary Calhoun ("defendant" or "Calhoun") moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 22 ["Mot."].)[1] Calhoun argued that the Supreme Court's decision in *Johnson v. United States*, --U.S.--, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), should be applied to invalidate his sentence under the United States Sentencing Guidelines. In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), which provided, in relevant part, for a mandatory minimum sentence of 15 years imprisonment for felony offenders with three or more prior convictions for "violent felonies" was unconstitutionally vague under due process principles. *Id*. at 2556-57. In his motion to vacate his sentence, defendant argued that the ruling in *Johnson* should apply with equal force to a similar provision in the Sentencing Guidelines that served as the basis for his base offense level.

---

[1] The United States of America filed a response (Doc. No. 26) and supplemental response (Doc. No. 27) in opposition to the motion.

After the matter was fully briefed, the Court stayed the case pending a ruling from the United States Supreme Court in *Beckles v. United States*, No. 15-8544. On March 6, 2017, the Supreme Court issued its decision in *Beckles*, distinguishing the ACCA's unconstitutionally vague residual clause from the residual clause in the Sentencing Guidelines. *Beckles v. United States*, --S. Ct.--, 2007 WL 855781 (Mar. 6, 2017). Given the discretionary nature of the Sentencing Guidelines, the Court held that the ruling in *Johnson* could not be extended to invalidate sentences under the guidelines and that, therefore, the residual clause of U.S.S.G. § 4B1.2(a) was not void for vagueness. *Id*. at *11. This ruling forecloses defendant's motion under 28 U.S.C. § 2255, and the motion is, therefore, denied.[2]

For all of the foregoing reasons, defendant's § 2255 motion (Doc. No. 22) is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: March 31, 2017

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[2] The present § 2255 motion is also denied as time-barred. On March 7, 2013, defendant pleaded guilty to the indictment. On June 11, 2013, defendant was sentenced by this Court to a term of imprisonment of 70 months with three years of supervised release and a $100 special assessment. Defendant did not appeal his sentence. Defendant's motion to vacate was not filed until February 25, 2016 and, without retroactive application of the ruling in *Johnson*, his motion is untimely. *See* 28 U.S.C. § 2255(f) (providing a one-year statute of limitations for motions to vacate, set aside, or correct a sentence).